## JONES v. CHICAGO, M. & ST. P. RY. CO.

In an action against a railway company for killing stock, where the court charged without exception that, the killing being admitted, the burden of proof was upon the defendant to show that it was done without negligence, this instruction is the law of the case upon appeal.

It is for the jury to determine the probative force of evidence whether direct or circumstantial.

In an action against a railroad company for the killing of cattle on the track, evidence held to support a finding of defendant's negligence.

When a verdict can be sustained on any reasonable view of the evidence, it should be sustained on appeal.

(Opinion filed October 12, 1910.)

Appeal from Circuit Court, Edmunds County. Hon. LYMAN T. BOUCHER, Judge.

Action by D. R. Jones against the Chicago, Milwaukee & St. Paul Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed.

*John H. Perry (Chas. E. Vroman, of counsel)*, for appellant. *Taubman & Williamson*, for respondent.

HANEY, J. This is an action to recover for live stock alleged to have been killed by the negligent operation of one of the defendant's trains in October, 1906. The killing was admitted. Negligence denied. A verdict having been returned in favor of the plaintiff, judgment entered thereon, and defendant's application for a new trial denied, it appealed.

The only assignments of error relied on by appellant are (1) the refusal of the court below to direct a verdict in its favor on the ground that the undisputed testimony shows there was no negligence on the part of its employes in operating the engine which killed the stock; and (2) the insufficiency of the evidence to justify the verdict. The latter only need be considered. The charge of the learned circuit court to the effect that the killing having been admitted, the burden was on the defendant to prove that its employes exercised due diligence to prevent the accident, not having been excepted to, is the law of the case. The plaintiff testified that his animals "were killed right at the crossing, one

mile west of Ipswich—just east of the crossing." The defendant's section foreman testified they were killed about 40 rods east of the crossing. Its engineer testified they were "right on the crossing," 100 to 150 feet away when first seen by him; that 100 to 150 feet was as far as he could see with the headlight that night; that the train, a big extra freight, "something over 900 tons," was moving east at the rate of about 25 miles per hour on a downgrade, with air brakes set to slow down for the station and steam shut off; that the accident occurred about 3 o'clock in the morning, it being quite dark; that upon discovering the animals he sounded the stock alarm, but did not reverse the engine, as there was not time to do both; that it would have done no good to have reversed the engine; and that it was impossible to stop the train so as to have avoided striking the stock. Defendant's fireman testified that the stock was first discovered by the engineer who blew the whistle, causing the witness to look out of the window, at which time the engine was perhaps 50 feet from the cattle.

Such, in substance, is all the evidence, except that relating to the ownership and value of the stock killed. The record is silent as to whether the cattle were lying down, standing or moving in any direction. It also is silent as to whether the engineer was on the lookout for stock previous to the discovery of the plaintiff's cattle. Whether the track was straight, whether it approached the crossing through a cut, on a fill, or level with the surface of the surrounding country, whether there were any obstructions to the view, and many other material facts which might have been established by the evidence of the witnesses who were examined on the trial, are not disclosed, thus leaving much latitude for legitimate inference as to the conditions and what actually occurred at the time of the accident. Under the law then in force in this state, the defendant was not required to be on the lookout for trespassing animals on its track other than at public crossings; but it was required, as soon as an animal was discovered on the track, to use reasonable care to prevent injury to the same. Harrison v. Railway Co., 6 S. D. 100, 60 N. W. 405.

As the evidence justifies a finding that the animals in this instance were on a public crossing, its sufficiency cannot properly be determined without reference to defendant's duty regarding public crossings, and the question requiring attention is whether the undisputed evidence shows that due diligence was exercised to discover the animals as well as to avoid killing them after they were discovered.  The statement of the engineer to the effect that it was impossible to avoid the accident is the conclusion of one exceptionally well qualified to express such an opinion.  If undisputed and not discredited by any fact disclosed by the evidence or by any fact of which the jury could take judicial notice, the verdict should be set aside.  The conclusion that it was impossible to avoid the accident assumes that the animals were not and could not have been seen for more than 150 feet; that the train did not run more than 150 feet between the time the animals were discovered and the time they were struck; and that the train could not have been stopped within that distance.  It may be conceded that the animals were not and could not have been seen more than 150 feet, and that the train could not have been stopped within that distance.  But was the jury bound to believe the train did not run more than 150 feet after the animals were discovered and before they were struck?  It is the right of the jury to determine the probative force of evidence, whether direct or circumstantial. A positive statement of a witness, especially if it be merely the expression of an opinion, may be discredited and rejected by the jury if they believe other evidence in the case establishes the existence of circumstances inconsistent with and·which make improbable such statement.  Lighthouse v. Railway Co., 3 S. D. 518, 54 N. W. 320.  Defendant's section foreman, called as a witness on its behalf, and who was in position to know,. states the cattle were killed 40 rods east of the crossing.  If, as, claimed by the engineer, they were on the crossing, and he was 100 to 150 feet west of it when they were discovered, and they were killed 40 rods east of it, the train ran at least 760 instead of 150 feet after the animals were seen and before they were struck by the engine. In absence of evidence as to whether the cattle were standing or,

lying down, the jury were at liberty to infer that they ran at least
40 rods in front of the moving train.  If such was the fact, the
opinion of the engineer to the effect that there was not time in
which to reverse the engine, that it would have done no goo.l to
have reversed it, and that the train could not have been so stopped
as to have avoided the accident based as it was on the hypothe-
sis that the train ran only 150 feet after the animals were
discovered and before they were struck, was clearly discredited
by other evidence.  Evidence that the train could not have
have been stopped within 150 feet does not support the con-
clusion that it could not by the exercise of ordinary care have
been so stopped as to have avoided the accident while going 760
feet.  If it could not have been so stopped in the latter distance,
under the rule as to the burden of proof given by the trial court,
evidence to that effect should have been introduced by the defend-
ant.  Whenever a verdict can be justified by any reasonable view
of the evidence it should be sustained.

The judgment and order of the circuit court are affirmed.