SLIMMER, Appellant, v. ZENKER, Respondent.

. (146 N. W. 1072.)

**Chattel Mortgages—Mortgaged Cattle—Action By Mortgagee Against Third Person—Sufficiency of Evidence.**

In a chattel mortgagee's action to recover possession of cattle from one claiming them under an agister's lien, evidence **held** to show, without any dispute, that the cattle in question were covered by the mortgage.

(Opinion filed April 27, 1914.)

Appeal from Circuit Court, McPherson County. Honorable JOSEPH H. BOTTUM, Judge.

Action by A. Slimmer and another, co-partners as Slimmer & Thompson, against Philipp Zenker, to recover possession of alleged mortgaged cattle. From a judgment for defendant, and from an order denying a new trial, plaintiffs appeal. Reversed and remanded.

*E. C. Sigler, L. W. Crofoot,* and *E. C. Ryan,* for Appellant.

The verdict for the defendant is so clearly without any competent material evidence to sustain it that it should not be permitted to stand.

In Star Wagon Company. v. Matthiesen, 3 Dak. 233, 14 N. W. 107, decided in 1882, the supreme court of the Territory, quoting. from Com'rs., etc., v. Clark, 94 U. S. 284, adopted the rule therein announced.

Where there is no conflict in the evidence and there is nothing to contradict, directly or indirectly, the positive testimony of

an unimpeached witness, who is not a party to the suit or directly interested, it is the duty of the court to direct a verdict upon motion. Miller v. C. & N. W. Ry. Co., 21 S. D. 242; Peterson v. C. M. & St. P. Ry. Co., 19 S. D. 122; Haugen v. C. M. & St. P. Ry. Co., 3 S. D. 394; Hebron v. C M & St P. Ry. Co., 4 S. D. 538.

*A. L. Bartlett, C. S. Acker,* and *James M. Brown,* for Respondent.

The evidence shows that the fifty head of steers, dehorned, and freshly branded with letters "VX" on left hip, came rightfully into defendant's possession, were brought to his place by the admitted owners to be wintered under an agreement to pay him $7.00 per head therefor;-that he wintered them, and had a present lien thereon for their keep; that he had no notice or knowledge that they were mortgaged, unless such notice was imparted by plaintiff's mortgage; that that mortgage called for 516 steers branded "V" on left hip on June 12, 1911, one and two years old, and of various colors, kept on section 29-126-67.

The filing of such mortgage would not impart notice beyond dispute that plaintiffs had or claimed a mortgage on fifty head of two year old dehorned steers, all branded "VX" on left hip, both letters "V" and "X" being the same as to appearance and age, and both fresh and still bleeding when and after the cattle were delivered to the defendant.

GATES, J.    This is an action to recover possession of 50 head of steers brought by plaintiffs as mortgagees against the defendant who claimed the right of possession thereof under an agister's lien.    The jury returned a verdict in favor of defendant. From the judgment and order denying a new trial, plaintiffs appeal.

The chattel mortgage was given by Stucke Bros. of Leola Twp., McPherson county, S. D., on June 12, 1911, to secure the payment of $14,944.53.    The property included in the mortgage was described as follows: "Five hundred sixteen (516) steers one and two years old in the spring of 1911, of various colors, average weight 554 lbs., each branded "V" left hip.    These cattle were this day purchased by the said Stucke Bros. of the said Slimmer & Thomas, and this mortgage is given to secure payment of the purchase price.    These cattle are now in possession of the said

Stucke Bros. in the Union Stock Yards at South St. Paul, Minnesota, and are this day to be shipped to Leola, South Dakota, and thereafter kept on section 29, township 126, range 67, McPherson county, South Dakota. Also as additional security 400 (four hundred) head of mixed cattle, branded "S" on left rump, the last mentioned 400 cattle, the hogs and horses are subject to mortgage, 200 (two hundred) head of hogs and 42 (forty-two) head of horses subject to a mortgage of about $6,000.00, and it is our intention to mortgage all the cattle, hogs and horses we now own of any and all brands." The mortgage was duly filed in the office of the register of deeds of McPherson county, S. D., on June 14, 1911. The steers bought of plaintiffs were immediately taken to McPherson county, S. D. In the month of November, 1911, Stucke Bros., delivered fifty steers to defendant at his farm in said county, under a contract on his part to winter them at $7 per head. Prior thereto Stucke Bros. added "X" to the brands on all of their cattle and retouched the former brands so that the brands on those delivered to defendant were practically fresh. As then branded, those that were formerly branded "V" were branded "VX" and those that were formerly branded "S" were then branded "SX." It is claimed by defendant that the fifty steers delivered to him by Stucke Bros. were all branded "VX," while plaintiffs' evidence tends to show that a large part were so branded but that a small portion of the fifty were branded "SX." Defendant was paid the sum of $40 upon his contract and claimed the right to hold the steers until the remaining $310 was paid. There is nothing to show that defendant had actual knowledge of the existence of the mortgage. There is also nothing to show knowledge of or consent on the part of plaintiffs to the contract between Stucke Bros. and defendant. At the close of the testimony, plaintiffs moved for a directed verdict for the following (among other) reasons: (1) because of the chattel mortgage which was in said motion set forth in detail; (2) because it was shown without dispute that there was still more than $6,000 due on said mortgage; and (3) "because the undisputed evidence in this case shows that the cattle involved in this suit were part of the cattle described in and were covered by the mortgage, Exhibit 1."

This motion was denied and therein we think the court committed prejudicial error. The testimony of Stucke was clear and

explicit that the fifty steers in controversy were covered by the mortgage. It is true that there was a conflict as to whether they were all branded "VX," or whether some of them were branded "SX." It is conceded by defendant that the steers delivered to him by Stucke Bros. were the property of Stucke Bros. It is undisputed that all of the cattle owned by Stucke Bros. on June 12, 1911, were covered by the mortgage. There is no evidence tending to show that Stucke Bros. had bought other cattle between that date and the time these fifty steers were turned over to the defendant. The testimony of Stucke that these cattle were covered by the mortgage was not disputed by any witness. No attempt in any manner was made to dispute the identity of these cattle as a part of the mortgaged property, except the testimony in regard to the additional brand "X" upon them. This attempt was peremptorily disposed of by the learned trial court in an instruction to the jury as follows: "And the jury is instructed that the description of the cattle as described in the chattel mortgage is sufficient to charge everyone with the lien of the mortgage, and if you find that the cattle which the defendant received from Stucke Brothers to winter and feed are in fact a part of the same cattle which were mortgaged, even if the brands had been changed as shown by the evidence before they were delivered to the defendant by Stucke Brothers, then your verdict should be against the defendant and for the plaintiffs." The only issue submitted to the jury was summed up in the following sentence: "The sole question for you to consider is whether these cattle which the plaintiff claims in this suit are part of the same cattle which are described in this mortgage." If all of these fifty steers that were delivered to defendant were branded "VX" then under the undisputed evidence they were a portion of those bought by Stucke Bros. from plaintiffs. If a portion of them were branded "SX," then under the undisputed evidence such portion were part of the 400 cattle upon the ranch of Stucke Bros. at the time the mortgage was given. In either event they were, according to the undisputed evidence, covered by the mortgage. We are of the opinion that the motion to direct the verdict should have been granted for that the undisputed evidence showed that these cattle were covered by the mortgage. It is defendant's contention, however, that the rule announced in Jones v. C. M. & St. P. Ry. Co.,

26 S. D. 128 N. W. 323, should be followed in this case, viz: "A positive statement of a witness, especially if it be merely the expression of an opinion, may be discredited and rejected by the jury if they believe other evidence in the case establishes the existence of circumstances inconsistent with and which make improbable such statement. Lighthouse v. Railway Co., 3 S. D. 518, 54 N. W. 320." We find no fault with that exposition of the law. The trouble is that it has no application to the facts in this case. There is in this case no evidence tending to "establish the existence of circumstances inconsistent with and which make improbable" the fact that these cattle were covered by plaintiff's mortgage. The issue in this case is not whether defendant knew of the existence of the mortgage. It is not whether defendant had reasonable cause to believe that the cattle delivered to him were the same cattle that were mortgaged. The issue is solely as to whether these cattle *were* covered by the mortgage. As to that issue, there is no dispute whatever. The plaintiffs proved their right as mortgagees to the possession of the property for the purpose of foreclosing their mortgage thereon. There was nothing for the jury to determine. The motion to direct a verdict should have been granted.

The judgment and order appealed are reversed and the cause remanded for a new trial.